[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Gerald E. Bodell, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner was convicted, following a trial by jury, of manslaughter in the first degree in violation of General Statutes53a-55 (a)(3). Following the guilty verdict, the petitioner admitted to a violation of probation. That conviction involved the sale of cocaine for which the petitioner had been sentenced to a term of eight years to be suspended after five and one-half years.
He was sentenced to the maximum term of twenty years for the manslaughter and two and one-half years for violation of probation for a total effective sentence of twenty-two and one-half years. He has applied for sentence review only on the manslaughter file. The facts of that case are summarized as follows: The petitioner and the victim had an argument, during which the petitioner threatened the victim with a fence picket, which ended the fight. Subsequently the petitioner drove off with some friends. Later that evening, in the vicinity of the petitioner's sister's house, the petitioner and the victim again got into an altercation. This time a gun was involved. Three to five gunshots were fired, one of which fatally wounded the victim. The petitioner then fled and was apprehended four months later. See State v. Pitt, 28 Conn. App. 825
(1992).
The petitioner asks the Division to consider that the maximum CT Page 3767 penalty is overly harsh under the circumstances of this case. He claims that the victim was the aggressor who came looking for the petitioner, that the petitioner disarmed the victim by taking the victim's weapon from his waistband, that he fired two warning shots before shooting the advancing victim (There were no eyewitnesses to the incident). The victim, before he died, stated that the petitioner shot him in the course of robbing him.
The sentencing court was faced with a thirty-nine year old man with a lengthy criminal history going back to 1967. For years he had been trafficking drugs and it was "lucrative" for him. His work record is sporadic at best. He has fathered several illegitimate children, none of whom he supports either financially or emotionally. For the past twenty-three years his behavior has been consistently illegal and anti-social. There is little if anything in his background to warrant any optimism that the petitioner would follow the rules of a civilized society and the writer of the pre-sentence report recommended the maximum sentence primarily to protect society.
The sentencing court explicitly stated it could find nothing redemptive about the petitioner and found him to be a danger to society. Probation was not indicated. The petitioner had two violation convictions, and he had three convictions for selling narcotic substances.
When protection of society becomes a paramount consideration for imposing a sentence, it necessarily affects the length of that sentence.
The Division has reviewed this sentence in accordance with the criteria set forth in Connecticut Practice Book 942. We find it neither inappropriate nor disproportionate. It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.